UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEZ EMESON, individually, | CASE NO. 11-5505 RJB |
| Plaintiff, | ORDER DISMISSING CASE |
| v. | |
| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS; JOHN and JANE DOES (1-10), | |
| Defendant. | |

This matter comes before the Court on Defendant State of Washington Department of Corrections' ("DOC") Motion for Summary Judgment (Dkt. 12) and Plaintiff Dez Emeson's Motion of Voluntary Dismissal Without Prejudice (Dkt. 23). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

On July 1, 2011, Mr. Emeson filed this employment case, asserting claims against DOC under Title VII and 42 U.S.C. § 1981. Dkt. 1. Mr. Emeson also alleges that DOC terminated his employment in January of 2011 in retaliation for engaging in protected activity. *Id.* Both parties

1  now move for dismissal of the action.  The DOC moves for dismissal with prejudice, Mr.

2  Emeson, moves for dismissal without prejudice.  For the reasons set forth below, this case should

3  be dismissed with prejudice.

4                                              FACTS

5          Mr. Emeson was an employee of DOC first as a Community Corrections Officer 2

6  ("CCO").  Dkt. 17.  According to the DOC, when confronted about deficiencies in his work, Mr.

7  Emeson to explained that he had a head injury, and his position was changed from a CCO to an

8  Office Assistant.  Dkt. 17.  DOC maintains that Mr. Emeson was not able to perform the

9  essential functions of the Office Assistant position either, due in part to inappropriate office

10  behavior and other poor performance issues.  Dkts. 14 and 15.  His employment was terminated

11  in January 2011.  Dkt. 14.

12          The parties have engaged in discovery and the matter is set to go to trial on September

13  10, 2012.  Dkt. 11.  On June 12, 2012, DOC filed a motion to summarily dismiss Plaintiff's

14  claims.  Dkt. 12.  On June 21, 2012, Mr. Emeson filed his motion to voluntarily dismiss the case

15  pursuant to Fed. R. Civ. P. 41.  Dkt. 23.  In Mr. Emeson's response to the motion for summary

16  judgment, he notes that he has filed the motion for voluntary dismissal and requests that the

17  Court rule on his motion to dismiss first.  Dkt. 24.  He does not respond to the motion for

18  summary judgment in any other manner.  *Id.*  DOC objects to a dismissal without prejudice,

19  moves for dismissal of this case with prejudice, pointing out that Mr. Emeson's motion was not

20  filed until after discovery was completed and a dispositive motion was filed.  Dkt. 26.  Further,

21  DOC argues, its motion for summary judgment has merit.  *Id.*

22

23

24

1                                <u>SUMMARY JUDGMENT STANDARD</u>

2        Summary judgment is proper only if the pleadings, the discovery and disclosure materials

3 on file, and any affidavits show that there is no genuine issue as to any material fact and that the

4 movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c). The moving party is

5 entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

6 showing on an essential element of a claim in the case on which the nonmoving party has the

7 burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue

8 of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find

9 for the non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

10 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some

11 metaphysical doubt.").  *See also* Fed.R.Civ.P. 56(e).  Conversely, a genuine dispute over a

12 material fact exists if there is sufficient evidence supporting the claimed factual dispute,

13 requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty*

14 *Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*

15 *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

16        The determination of the existence of a material fact is often a close question.  The court

17 must consider the substantive evidentiary burden that the nonmoving party must meet at trial –

18 e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, T.W. *Elect.*

19 *Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor

20 of the nonmoving party only when the facts specifically attested by that party contradict facts

21 specifically attested by the moving party.  The nonmoving party may not merely state that it will

22 discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

23 to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).

24

ORDER DISMISSING CASE- 3

1   Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not

2   be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

3                                    DISCUSSION

4          DOC's motion to summarily dismiss all Mr. Emeson's claims with prejudice (Dkt. 12)

5   should be granted.  Mr. Emeson has not carried his burden on summary judgment and shown that

6   there are issues of material fact.  Further, DOC has shown that it is entitled to a judgment as a

7   matter of law.

8          Further, pursuant to Western District of Washington Rule of Civil Procedure 7(b)(2), "[i]f

9   a party fails to file papers in opposition to a motion, such a failure may be considered by the

10  court as an admission that the motion has merit."  Mr. Emeson's failure to file a meaningful

11  response is so construed.  Mr. Emeson sought to dismiss his case without prejudice only when

12  forced to carry his burden under Fed. R. Civ. P. 56.  The parties have engaged in discovery.

13  Trial is scheduled to begin in two months.  Mr. Emeson should not be permitted to dismiss his

14  action without prejudice at this late date.  This matter should be dismissed with prejudice.

15                                      ORDER

16         Therefore, it is hereby **ORDERED** that:

17             • DOC's Motion for Summary Judgment (Dkt. 12) **IS GRANTED**;

18             • Mr. Emeson's Motion of Voluntary Dismissal Without Prejudice (Dkt. 23) **IS**

19                 **DENIED** in so far as it seeks dismissal without prejudice; and

20             • This case is **DISMISSED**.

21         The Clerk is directed to send uncertified copies of this Order to all counsel of record and

22  to any party appearing pro se at said party's last known address.

23

24

ORDER DISMISSING CASE- 4

Dated this 10th day of July, 2012.

ROBERT J. BRYAN
United States District Judge